United States District Court
Northern District of Florida

RHONDA FLEMING,
    Plaintiff,

V.
Director Colette Peters
ERICA STRONG, former warden,
MCMILLAN, case manager,
HAMILTON, nurse,
UNITED STATES OF AMERICA,
    Defendants. — official & individual capacity

NO. 4:24-CV-00282-AW-MAF

Jury Demand.

AMENDED CIVIL COMPLAINT

The Plaintiff files this Civil Complaint, against Erica Strong, former warden of FCI-Tallahassee, for violations of the laws of the State of Florida, in forcing the Plaintiff to be housed with BIOLOGICAL MALE INMATES. The Plaintiff files this Civil Complaint against Federal Bureau of Prisons employee, McMillan and Hamilton, for assault/battery by correctional staff, as well as denial of medical treatment, and other claims against the United States of America. The Plaintiff has exhausted all grievance procedures and the Federal Tort Claim Act procedure. In support, the Plaintiff presents the following:

I. STATEMENT OF FACTS

A. HOUSING OF PLAINTIFF WITH TRANSGENDER BIOLOGICAL MALE INMATES BY DEFENDANTS ERICA STRONG & UNITED STATES OF AMERICA

1. The Plaintiff, a biological woman, has been in the custody of the Federal Bureau of Prisons since 2007. In October 2018, the Plaintiff was transferred to FCI-Tallahassee.

2. The Plaintiff was forced to share all intimate areas with biological male inmates, to include toilets, showers, and changing areas. These biological male inmates alleged they were women. The unlawful policies against federal women inmates were enacted by employees of Defendant United States of America. The Plaintiff continues to be subjected to these policies in the state of California, at FCI-Dublin, making this a continuing tort claim.

3. The Plaintiff's right to bodily privacy and her sincerely held religious beliefs, were violated from October 2018 to the present. The Plaintiff is forced to be exposed to nude male inmates and the Plaintiff's own nudity is exposed to these male inmates. The Plaintiff is suffering depression, anxiety, stomachaches, headaches, and emotional distress due to the Defendant's unlawful conduct against her.

4. The Defendant was aware of the Plaintiff's complaints and previous litigation on this matter. The Plaintiff filed tort claims and grievances. The Plaintiff discussed this matter with the Defendant Strong, all to no avail. No accommodations were offered by the Defendant.

B. CIVIL ASSAULT & BATTERY BY DEFENDANT MCMILLAN

5. On March 24, 2022, Defendant McMillan called the Plaintiff to discuss payment of restitution. The Plaintiff did not agree with Defendant McMillan. The Plaintiff asked for a grievance form.

6. Defendant McMillan hit the Plaintiff in the chest and instructed her to go into the hallway. The Plaintiff complied with the

order. The Plaintiff suffered anxiety and feared for her life.

7. The Plaintiff reported Defendant McMillan for assaulting her to Lt. Dailey. When Lt. Dailey questioned Defendant McMillan about the assault, the Defendant falsely alleged the Plaintiff had bumped into her and assaulted her.

8. The Plaintiff was taken to the Special Housing Unit. The Plaintiff was given an incident report for assaulting Defendant McMillan.

9. The Plaintiff was found guilty of assaulting an employee. The Plaintiff was sanctioned with loss of good time and other privileges. The Plaintiff was also sanctioned to 30 days disciplinary segregation, along with a disciplinary transfer, to FCI-Dublin, in California, far from her family.

10. In March 2023, the incident report was expunged. The Plaintiff lost phone calls and visits with her family, which were not replaced.

11. Although the incident report was expunged, the Plaintiff is still denied transfer to home confinement and/or a prison camp. The Plaintiff suffers anxiety, depression, headaches, stomachaches, and other physical pain due to the emotional distress she is suffering.

C. CIVIL ASSAULT AND BATTERY BY DEFENDANT HAMILTON

12. In January 2021, the Plaintiff asked several of the nurses in Health Services about receiving her B-12 shot. The shot was ordered to be administered every 30 days.

13. Two nurses told the Plaintiff her medical files showed she had already received her B-12 shot in January 2021. This was not true. During this time, the prison was on lockdown, so medications were administer in the housing unit, under video surveillance. The Plaintiff did not receive a B-12 shot at in January or February 2021.

14. Defendant Hamilton came to the housing unit where the Plaintiff was assigned in February 2021. With a paper in her hand, Defendant Hamilton slammed the paper in the face of the Plaintiff, and stated, "You have had your B-12 shot, do not ask about it again!" The Plaintiff experienced physical pain, anxiety, depression, and headaches due to this assault and battery.

15. The Plaintiff reported the assault and battery, as well as the denial of her B-12 shot. An investigation revealed the Plaintiff had not received the B-12 shot and Defendant Hamilton had falsified the Plaintiff's medical record. After this assault, although Defendant Hamilton had injured the Plaintiff, the Plaintiff never received B-12 shots, as ordered.

D. DENIAL OF MEDICAL TREATMENT BASED ON THE COST OF TREATMENT

16. The Plaintiff has suffered with fungal toenail infection for at least 10 years of her incarceration's. The Plaintiff has suffered with daily physical and emotional pain from this condition for over a decade.

17. The Defendant USA's employees in Health Services refuse to provide medications to cure the infection. Health Services acknowledges the condition is painful, but based on cost, has refused to treat the infection.

II. CAUSES OF ACTION — To Include 28 U.S.C. Section 1331

A. DEFENDANTS STRONG AND UNITED STATES OF AMERICA ARE VIOLATING FLORIDA STATE LAWS WITH THEIR TRANSGENDER POLICY

18. Incorporating paragraphs 1-4, the Plaintiff's statutory rights pursuant to Florida's Religious Freedom Restoration Act, Fla. Stat. Section 761.03, were substantially burdened by the Defendant. The Plaintiff was denied her sincerely held religious belief not to be exposed to nude male inmates and expose her own nudity to any man she is not married to. The Defendants were aware of the Plaintiff's religious beliefs being violated and offered no accommodation.

19. Incorporating paragraphs 1-4, the Plaintiff's statutory rights pursuant to Florida's Civil Rights Act, Fla. Stat. Sections 760.01-760.11, were violated by Defendant Strong. The Plaintiff's bodily privacy rights were violated in a manner which was sex/gender discrimination. Male inmates, under the control of Defendants, were not forced to expose their nudity to the opposite sex. Only the Plaintiff and other biological women were forced to experience these indignities by Defendant Strong.

20. The Plaintiff continues to experience post-traumatic stress disorder, anxiety, depression, and is under emotional distress due to the violation of her state constitutional rights. The Plaintiff lives with at least one biological male at FCI-Dublin and she continues to experiences emotional distress. The conduct of the Defendants caused the negligent infliction of emotional distress, in violation of Florida state law.

B. DEFENDANT MCMILLAN VIOLATED FLORIDA STATE LAWS FOR CIVIL ASSAULT & BATTERY, MALICIOUS PROSECUTION, NEGLIGENCE, AND THE FEDERAL TORT CLAIMS ACT

21. Incorporating paragraphs 5-11, the Plaintiff's statutory and state constitutional right were violated when Defendant McMillan committed civil assault and battery, under Florida state laws, by using excessive force, directed toward the Plaintiff which caused the Plaintiff to fear for her life, as an inmate in the custody of the Defendant.

22. There was offensive contact upon the Plaintiff by Defendant McMillan, battery, under Florida state law.

23. The Plaintiff suffered under a malicious prosecution, which was instigated with malice, and continues to harm the Plaintiff. The false statements in the incident report violate state and federal laws, against falsifying government documents.

24. Defendant McMillan was negligent, by breaching her duty to protect the Plaintiff from harm. This duty was owed to the Plaintiff. Defendant McMillan caused the negligent infliction of emotional distress in violation of Florida state law.

C. DEFENDANT HAMILTON VIOLATED FLORIDA STATE LAWS FOR CIVIL ASSAULT & BATTERY, NEGLIGENCE, AND THE FEDERAL TORT CLAIMS ACT

25. Incorporating paragraphs 12-15, Defendant Hamilton did commit civil assault and battery, making offensive contact upon the Plaintiff, in violation of Florida state law.

26. Defendant Hamilton did deny the Plaintiff medication which was ordered to be provided to the Plaintiff, in violation of Florida state laws, and was negligent, breaching a duty she owed the Plaintiff.

27. Defendant Hamilton caused the negligent infliction of emotional distress, causing the Plaintiff to be in fear of her life, experiencing anxiety, depression, and physical pain, in violation of Florida state law, as well as the Federal Tort Claims Act.

D. DEFENDANT UNITED STATES OF AMERICA VIOLATED THE PLAINTIFF'S RIGHT TO MEDICAL TREATMENT AND IS LIABLE PURSUANT TO THE FEDERAL TORT CLAIMS ACT, AS WELL AS FLORIDA STATE LAWS--NEGLIGENCE

28. Incorporating paragraphs 16-17, the Plaintiff was wrongfully denied medical treatment for fungal toenail infection for over a decade, by Defendant United States of America and the Federal Bureau of Prisons' policy, based on cost of treatment.

29. The Plaintiff has a state and federal constitutional right to medical treatment, which was denied by Defendant USA.

30. The Plaintiff suffered negligence by Defendant USA's employees, in their failure to provide medical treatment, based on the cost. The Defendant violated Florida state law my committing negligent infliction of emotional distress on the Plaintiff.

III. PRAYER FOR RELIEF

The Plaintiff prays the Court will grant the following relief:

1. Grant declaratory and injunctive relief stating the conduct of the Defendants and their agency violated Florida state laws, and enjoin them to stop housing women with biological male inmates, *and provide medical care,*

2. Grant compensatory, punitive, and any other damages available under Florida state law, in excess of $750,000; and,

3. Any relief the Court deems necessary.

Respectfully Submitted,
/s/rhonda fleming
Rhonda Fleming, Plaintiff
rflemingLHHW@emailinterface.org

3

jdriever@cnm.edu
July 29, 2024
FCI-Dublin
5701 8th Street
Dublin, CA 94568

VERIFICATION

I, Rhonda Fleming, certify under penalty of perjury, all statements are true and correct to the best of my knowledge.

/s/rhonda fleming          7/29/2024
Rhonda Fleming, Plaintiff

CERTIFICATE OF SERVICE

Service may be performed by certified, United States Mail to the Defendant's Counsel, the United States of Attorney's Office, and Assistant U.S. Attorney, Marie Moyle, U.S. Courthouse, U.S. Attorney's Office, 111 Adams Street, Tallahassee, FL 32301 and also by email at: Marie.Moyle@usdoj.gov.

/s/rhonda fleming
Rhonda Fleming, Plaintiff

4

