# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RHONDA FLEMING,**

    Plaintiff,

vs.                                    Case No. 4:24cv282-AW-MAF

**WARDEN ERICA STRONG,**
**et al.,**

    Defendants.
_____/

# O R D E R

    The United States of America filed a notice of removal, ECF No. 1, on July 19, 2024, and this case has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2(E).  Defendant's notice of removal, ECF No. 1, demonstrated that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1446.  ECF No. 1 at 1.  Further, it appeared that because process was received on June 21, 2024,  ECF No. 1 at 2, the notice of removal was timely filed pursuant to 28 U.S.C. § 1446(b)(1).[1]  Finally, removal to this Court was proper

---

[1] Pursuant to § 1446(b)(1), a notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading

because Plaintiff filed this case in the Circuit Court for the Second Judicial Circuit in and for Leon County, Florida.[2]  ECF No. 1-1 at 1.

Although the United States submitted a copy of Plaintiff's amended complaint, ECF No. 1-1, with the notice of removal, ECF No. 1, no other documents were filed with the notice.  Pursuant to 28 U.S.C. § 1446(a), the United States was directed to file "a copy of all process, pleadings, and orders served upon" the Defendant.  ECF No. 3.  Defendant has complied.  ECF No. 5.

In the course of reviewing the state court records, it appears that Plaintiff named a total of four Defendants in the amended complaint, ECF No. 5-7, but initially, Plaintiff only paid for service of process on Defendant Strong.  ECF No. 5-16.  Plaintiff subsequently submitted payment for summonses to be issued for the remaining Defendants, ECF No. 5-24, and it appears that summonses were issued in April 2024.  ECF Nos. 5-26, 5-27, and 5-28.  It is unclear whether service has been carried out as to

---

setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).  Defendant has shown that it was served with the summons and corrected amended complaint on March 13, 2024.  ECF No. 1 at 2; *see also* ECF No. 1-2.

[2] A civil action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Defendants Strong, MacMillan, and Hamilton. The parties shall file a response to this Order by **September 16, 2024**, providing any known information as to the *status* of service and advising whether or not this Court needs to direct service of process on the individual Defendants pursuant to 28 U.S.C. § 1447(a) and 28 U.S.C. § 1448.

Additionally, Plaintiff has recently filed a motion for a preliminary injunction, ECF No. 6, and a second amended complaint, ECF No. 7. Although Plaintiff did not file a motion requesting leave to amend the complaint, Plaintiff will be permitted to proceed with the second amended complaint.

Both submissions are problematic, *inter alia*, because of Plaintiff's certificates of service. The first certificate states that service was "performed by the electronic fling of [the document] by the U.S. District Clerk." ECF No. 6 at 3. Plaintiff is a pro se litigant and is not authorized to file documents electronically in this Court. Plaintiff is required to serve a copy of any document filed in this case by mailing it to opposing counsel. *See* Fed. R. Civ. P. 5(b).

The second certificate of service is problematic because Plaintiff stated that "[s]ervice may be performed by certified, United States Mail to

the Defendant's Counsel, the United States of Attorney's [sic] Office, and Assistant U.S. Attorney, Marie Moyle . . . ." ECF No. 7 at 4. Plaintiff's certificate states only how service *may be* performed. Plaintiff does not state "the date and method of service" she used to serve opposing counsel. *See* N.D. Fla. Loc. R. 5.1(F). Plaintiff has previously been advised of these rules. *See* ECF No. 3 at 4-5. In the future, Plaintiff must comply with Local Rule 5.1(F) or th document may be returned without filing.

Indeed, Plaintiff must comply with other portions of Rule 5.1, including the format of documents such as spacing, margins, and font, as well as the case style and heading. Plaintiff's submissions do not do so. The Clerk of Court shall provide Plaintiff with a copy of Rule 5.1, and all further submissions must comply with the Local Rules of this Court.

At this point, Defendant has not yet filed a response to the amended complaint. Based on the date of service (June 21, 2024), Defendant's response would be due by **August 20, 2024**. However, in light of Plaintiff's second amended complaint and motion for preliminary injunction, Defendant's deadline for responding will be extended until **September 16, 2024**.

Case No. 4:24cv282-AW-MAF

Accordingly, it is

**ORDERED:**

1. Plaintiff's second amended complaint, ECF No. 7, shall be the operative pleading.

2. The parties shall file a response to this Order no later than **September 16, 2024**, providing information as to the *status* of service on the remaining individual Defendants.

3. Defendant United States of America shall have until **September 16, 2024**, to file an answer or other response to Plaintiff's second amended complaint, ECF No. 7, and motion for a preliminary injunction, ECF No. 6.

4. In the future, the Clerk of Court shall return to Plaintiff any document submitted which does not include a certificate of service in compliance with Local Rule 5.1(F).

5. The Clerk of Court shall provide Plaintiff with a printed copy of Local Rule 5.1 along with this Order.

6. Plaintiff shall immediately file a notice to the Clerk's Office in the event of an address change, transfer, or release from custody. Plaintiff is warned that if mail from this Court cannot reach her and is returned to the Court as undeliverable, this case may be dismissed.

7.  The Clerk of Court shall return this case upon the filing of responses to this Order, the Defendant's filing of an answer or other response to Plaintiff's second amended complaint and motion for preliminary injunction, or no later than September 16, 2024.

**DONE AND ORDERED** on August 14, 2024.

**S/   Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**
