Page 1 of 6

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RHONDA FLEMING,**

    **Plaintiff,**

vs.                                                                 **Case No. 4:24cv282-AW-MAF**

**WARDEN ERICA STRONG,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    The pro se Plaintiff has filed two motions, ECF Nos. 10-11, which have been reviewed, and which prompted the Court's review of this case. Plaintiff's first motion seeks "permission to file dispositive pleading" and she also requests a settlement conference. ECF No. 10. The motion makes clear: "Plaintiff has no intentions" of participating in discovery. *Id.* at 1. Plaintiff also contends the "Defendants have nothing to obtain from the Plaintiff through discovery." *Id.* She states that she exhausted the remedies required by the Federal Tort Claims Act, asserts that a false disciplinary charge was lodged against her which prevented her "medically

necessary transfer to home confinement," and contends that settlement is a possibility, although she advises that opposing counsel's office declined her request to settle this litigation.  *Id.* at 1-3.

Plaintiff simultaneously filed a "motion for partial summary judgment." ECF No. 11.  Plaintiff's motion pertains only to the claim that a false "incident report written against her by Defendant McMillan . . . ."  *Id.* at 1. Plaintiff states that Defendant McMillan hit her "hard in the middle of her chest," and that the assault was unprovoked.  *Id.* at 2.  Approximately three hours after that assault, Plaintiff was placed in the Special Housing Unit (SHU) on a charge that she assaulted a correctional employee.  *Id.* at 3. She was found guilty of the incident report and transferred away from FCI Tallahassee.  *Id.*  She alleges that she was denied communication with her family for six months.  *Id.*  Ten months later, the incident report was expunged, but Plaintiff indicates she still suffers a ramification of the report, that is, denial of transfer to "home confinement pursuant to the CARES Act and 18 U.S.C. Section 4042, based on medical need."  *Id.* at 2, 3.

Plaintiff argues that she is entitled to summary judgment because "Defendant McMillan is liable for malicious prosecution, battery, assault,

and false imprisonment." *Id.* at 5. She contends that the record evidence proves her case. *Id.*

Procedurally, Plaintiff initiated this case in state court, and the United States of America filed a notice of removal, ECF No. 1, on July 19, 2024. The notice of removal demonstrated that process was received by the United States Attorney's Office on June 21, 2024. ECF No. 1 at 2. After review of the notice of removal and Defendant's filing of the state court records, it appeared that Plaintiff named a total of four Defendants in the amended complaint, ECF No. 5-7, but initially, Plaintiff only paid for service of process on Defendant Strong. ECF No. 5-16. Plaintiff subsequently submitted payment for summonses to be issued for the remaining Defendants, ECF No. 5-24, and it appears that summonses were issued in April 2024. ECF Nos. 5-26, 5-27, and 5-28. An Order was entered on August 14, 2024, directing the parties to clarify whether or not service of process has been carried out as to Defendants Strong, McMillan, and Hamilton. ECF No. 8. The parties were given until September 16, 2024, to respond to that Order. As of today, no responses have yet been filed.

Importantly, Plaintiff's motion for summary judgment pertains solely to the claim against Defendant McMillan, but the motion is prematurely filed

because the docket does not reveal that Defendant McMillan has been served with process.  See Holloway v. The Travelers Indem. Co., 761 F. Supp. 2d 1371, 1375 (N.D. Ga. 2010) (finding that "because the motion for partial summary judgment was filed before Charter was served as a defendant and because Charter has not had the benefit of discovery, the motion for partial summary judgment" was denied as premature); see also Anderson v. Franks, No. 1:10-CV-3212-WSD, 2014 WL 3022927, at *2 (N.D. Ga. July 3, 2014) (denying plaintiff's motion for summary judgment as prematurely filed).

The Eleventh Circuit has made clear that a prematurely filed motion for summary judgment "impermissibly 'deprive[s] [a party] of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion." Vining v. Runyon, 99 F.3d 1056, 1058 (11th Cir. 1996).  While there is not a "'blanket prohibition on the granting of summary judgment motions before discovery' has occurred," see Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843 (11th Cir. 1989) (per curiam), it is an abuse of discretion to require a party to respond to a motion for summary judgment before "the party opposing the motion has had an adequate opportunity to conduct discovery." Est. of Todashev by Shibly v.

Case No. 4:24cv282-AW-MAF

<u>United States</u>, 815 F. App'x 446, 450, 453, (11th Cir. 2020) (citing to <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (Summary judgment is normally appropriate "after adequate time for discovery")). In this case, it does not appear that Defendant McMillan has yet been served with process and, obviously, the Defendant has not been provided the opportunity to conduct discovery. Regardless of whether Plaintiff desires to participate in discovery or not, the Defendant is entitled to do so. Accordingly, it is recommended that Plaintiff's motions be denied as premature.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for permission to file her dispositive pleading, ECF No. 10, and Plaintiff's motion for partial summary judgment, ECF No. 11, be **DENIED** as premature. It is further **RECOMMENDED** that this case be remanded for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 29, 2024.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv282-AW-MAF