# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RHONDA FLEMING,**

    **Plaintiff,**

vs.                                                      Case No. 4:24cv282-AW-MAF

**UNITED STATES OF AMERICA,**
**WARDEN ERICA STRONG, et al.,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION[1]

    The United States of America filed a notice of removal, ECF No. 1, on July 19, 2024. This case has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2(E) as Plaintiff is a pro se federal prisoner and the underlying claims concern the conditions of Plaintiff's imprisonment.

    At the time of removal, Plaintiff's state court complaint named three individuals as Defendants in addition to the United States. ECF No. 1-1.

---

[1] Currently a Report and Recommendation, ECF No. 12, is pending which concerns Plaintiff's motion to file a dispositive pleading, ECF No. 10, and a motion for partial summary judgment, ECF No. 11.

Plaintiff subsequently filed a second amended complaint, ECF No. 7, and a motion for preliminary injunction, ECF No. 6, in this Court. Despite not seeking leave to amend, Plaintiff was permitted to do so and the second amended complaint was deemed the operative pleading. ECF No. 8.

Several issues have been raised by this Court sua sponte in the course of reviewing this litigation. *See* ECF Nos. 3, 8-9. First, the Court was concerned with whether all Defendants were served with process and consented to removal. ECF No. 3 at 2; ECF No. 8 at 2-3. Second, because Plaintiff has filed numerous other cases and has reached "three strike" status, there was concern over whether Plaintiff had previously raised any of the asserted claims from this case in prior litigation. ECF No. 9 at 2. The parties have addressed these issues. ECF Nos. 13, 15, and 19. However, resolution of those issues is now more clear after a careful review of Plaintiff's second amended complaint, her request for the Court to enter an order to serve Defendant Peters with process, ECF No. 13 at 2, and Plaintiff's "motion for correction to the record," ECF No. 20.

Plaintiff's second amended complaint, ECF No. 7, asserts the following claims. First, Plaintiff presents a claim against Defendant Strong, former warden of FCI Tallahassee, for requiring her to be housed with

biological male inmates in October 2018. *Id.* at 1. She claims that she is still subjected to this policy at her current housing assignment in California, and alleges it is a policy of the United States of America. *Id.* As a second claim, Plaintiff contends that she was assaulted by Defendant McMillan on March 24, 2022. ECF No. 7 at 1-2. Plaintiff's third claim is brought against Defendant Hamilton, also for assault, based on events which transpired in January and February 2021. *Id.* Further, Plaintiff raises claims against the United States for not treating her toenail infection and for housing her with transgender males. *Id.* at 2-3.

    Within the case style on Plaintiff's second amended complaint, Plaintiff wrote the name "Director Colette Peters" as a Defendant. ECF No. 7 at 1. In a separate filing, Plaintiff advised that Defendant Peters was the BOP Director, and requested service on that Defendant. ECF No. 13. In a prior Order, that request was denied on the basis that the Defendant was not named as a Defendant. ECF No. 14. In retrospect, that was incorrect.

    At the time, the Court believed that Plaintiff was referring to her complaint as filed in state court and overlooked the fact that Plaintiff listed Peters as a Defendant in the second amended complaint, ECF No. 7, filed after removal. *See* ECF No. 14. However, it still remains that there is no

reason to serve Defendant Peters with process in this case. That is because Plaintiff has not presented a single factual allegation against Defendant Peters and, thus, the second amended complaint fails to state a claim as to Defendant Peters. Merely naming an individual as a Defendant is insufficient. It is recommended that Defendant Peters be dismissed from this case and that Plaintiff's motion for correction to the record, ECF No. 20, be denied.

Additionally, Plaintiff's complaint cannot be maintained as to Defendants McMillan or Hamilton either. Pursuant to Federal Rule of Civil Procedure 20, multiple persons may be named as defendants in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Here, the claims against those Defendants are based on different events than the claims Plaintiff brings against the United States. The claims did not occur at the same time and do not arise out of the same transaction. Moreover, the claims do not involve questions of law or fact that are in common with Plaintiff's claims against the United States. In light

thereof, it is recommended that Plaintiff's claims against Defendants McMillan and Hamilton be dismissed without prejudice on the basis of improper joinder and, as a consequence, there is no need to be concerned with service of process as to those Defendants. If Plaintiff desires to pursue her claims against those individuals, Plaintiff must do so in a separate case.

Plaintiff's motion for a preliminary injunction, ECF No. 6, has also been considered. Plaintiff seeks an order which will require the Defendants "to provide medical treatment for the Plaintiff." *Id.* at 1. The medical treatment is sought for a toenail infection on both of her feet which Plaintiff contends she has endured for 12 years. *Id.* The Defendant United States has responded in opposition to the motion and argues that "Plaintiff cannot demonstrates a substantial likelihood of success on her underlying claim" which defeats the motion. ECF No. 16 at 1.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

The United States has argued that Plaintiff's vague claim about a toenail infection is insufficient for several reasons. ECF No. 16. First, Plaintiff has not identified a specific policy which bars treatment for a fungal toenail infection and Defendant contends that assertion "is difficult to accept at face value." Id. at 3. Skepticism is not a basis to reject the claim.

Plaintiff contends treatment has been denied "based on the cost of treatment," ECF No. 6 at 1, but the Court notes she has provided no indication concerning the costs of such treatment.  It is unlikely that treating a toenail infection requires the expenditure of large sums of money.  Even so, the Court notes that the "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoted in McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999)).  Furthermore, delaying or refusing medical care for non-medical reasons while allowing the inmate to suffer with pain may be "deliberate indifference." Farrow v. West, 320 F.3d 1235, 1246 (11th Cir. 2003).

However, the problem for Plaintiff is that she has not demonstrated that her toenail fungus is a "serious medical need."  A "serious medical need" is one that has either "been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d

666 (2002). "In either of these situations, the medical need must be 'one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (quoted in Farrow, 320 F.3d at 1243). Plaintiff's toenail infection, without more, does not appear to be a "serious medical need." On that basis alone, it cannot be said that Plaintiff faces a substantial likelihood of success on the merits.

The United States also argues in response to Plaintiff's motion for a preliminary injunction that "Plaintiff has provided no evidence that she has complied with the Prison Litigation Reform Act." ECF No. 16 at 3. That Act requires prisoners to exhaust administrative remedies prior to filing a civil case in federal court. 42 U.S.C. § 1997e(a). The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA," Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), and "defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). It is not Plaintiff's burden to demonstrate that she exhausted administrative remedies. Although exhaustion has been raised as an affirmative defense, ECF No. 18 at 7, the United States has not filed a motion to dismiss based on that alleged failure.

Case No. 4:24cv282-AW-MAF

The second requirement for a preliminary injunction is also problematic - that Plaintiff faces a" substantial threat of irreparable injury unless" the Court issues the injunction. Plaintiff has alleged suffering with this condition for 12 years. Courts have denied motions for injunctive relief when there has been "significant delay" in a plaintiff's request for injunctive relief. The reason is that by delaying the request for such relief, a plaintiff "cannot demonstrate that there is a substantial threat that [she] will suffer any irreparable harm" by waiting to seek injunctive relief. <u>Vialle Grp., B.V. v. Green Wing Grp., Inc.</u>, No. 2:16-CV-14207, 2016 WL 8678888, at *2 (S.D. Fla. Oct. 26, 2016); *see also* <u>Abdul v. Inch</u>, No. 4:21-CV-153-MW-MJF, 2024 WL 3436636, at *2 (N.D. Fla. June 17, 2024), report and recommendation adopted, No. 4:21cv153-MW/MJF, 2024 WL 3432015 (N.D. Fla. July 16, 2024) (inmate's "4-year delay in seeking injunctive relief from the FDC's beard-grooming policy" failed to demonstrate irreparable injury).

There is no need to evaluate the remaining two requirements for a preliminary injunction because Plaintiff must demonstrate all four prerequisites to be entitled to relief. Plaintiff has not done so. Therefore, her motion for a preliminary injunction, ECF No. 6, should be denied.

Case No. 4:24cv282-AW-MAF

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for preliminary injunction, ECF No. 6, be **DENIED**, that Plaintiff's motion for correction to the record, ECF No. 20, be **DENIED**, that the claims against Defendants Peters, McMillan, and Hamilton be **DISMISSED** from this case for improper joinder, and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 18, 2024.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv282-AW-MAF