IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RHONDA FLEMING,**

    **Plaintiff,**

**v.**                                                      Case No. 4:24-cv-282-AW-MAF

**UNITED STATES OF AMERICA,**
**WARDEN ERICA STRONG, et al.,**

    **Defendants.**

_____/

**ORDER DISMISSING CERTAIN CLAIMS,**
**DENYING MOTION FOR PRELIMINARY INJUNCTION,**
**AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Rhonda Fleming, a pro se federal inmate, sued the United States and certain individuals in state court. The gist of her claim is that she has been mistreated in prison. The United States removed.

The operative complaint is Fleming's Second Amended Complaint. ECF No. 7; *see also* ECF No. 8. Fleming moved for a preliminary injunction, ECF No. 6, and to correct the record, ECF No. 20. She also moved for partial summary judgment against Defendant McMillan. ECF No. 11. And she has a pending "Motion for Permission to File Dispositive Pleading, Motion for Settlement Conference." ECF No. 10.

The magistrate judge issued a report and recommendation (ECF No. 12), concluding the court should deny the latter two motions. The magistrate judge later

1

issued a separate report and recommendation (ECF No. 22), concluding the court should deny the former two. Fleming filed objections to the first report and recommendation, *see* ECF No. 18, but filed none as to the second. I have considered de novo the issues raised in Fleming's objections. I adopt each report and recommendation to the extent consistent with what is set out below.

**I.**

First, I agree with the magistrate judge that the claims against Defendants McMillan and Hamilton are not properly joined. Multiple defendants can be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Even then, there must be a "question of law or fact common to all defendants." *Id.* R. 20(a)(2)(B). Here, claims against McMillan and Hamilton are completely separate from those against the other Defendants. Accordingly, consistent with the magistrate judge's recommendation—to which Fleming did not object—I conclude the claims against McMillan and Hamilton capacities should be dismissed.[1]

---

[1] The claims likely would be subject to dismissal on another basis anyway. To the extent Fleming sues these Defendants in their official capacities (the SAC suggests they are sued in "official and individual capacity," ECF No. 7 at 1), the suit is against the entity they represent—the Bureau of Prisons. That entity enjoys sovereign immunity. To the extent Fleming sues these Defendants in their individual capacities, they enjoy statutory immunity for most actions taken in the scope of their

Next the magistrate judge recommends dismissal as to Defendant Peters, against whom Fleming offers no factual allegations. I agree that the lack of factual allegations warrants dismissal, and I will dismiss claims against Defendant Peters for failure to state a claim. I will also deny the related "Motion for Correction to the Record" (ECF No. 20).

Because claims against Defendant McMillan are being dismissed, Fleming's motion for partial summary judgment as to McMillan—and the related "Motion for Permission to File Dispositive Pleading, Motion for Settlement Conference"—will be denied as moot.

## II.

That leaves Fleming's motion for preliminary injunction. ECF No. 6. I agree with the magistrate judge that Fleming did not meet her burden of showing a substantial likelihood of success on the merits and that this dooms her motion.

For one thing, Fleming has not shown any basis upon which the court could grant an injunction. She sues under the FTCA, which allows only monetary damages—not injunctive relief. *See* 28 U.S.C. § 2764; *cf. also Whitley v. United States*, 170 F.3d 1061, 1069 n.18 (11th Cir. 1999). In addition, while Fleming contends the government refused to treat her toenail fungus, the government

---

employment. *See* 28 U.S.C. § 2679(b)(1). Although the magistrate judge does not independently address any claims against Warden Strong, the same outcome would likely be appropriate for those claims.

3

submitted evidence showing there was never any record of Fleming's having had toenail fungus. ECF No. 16-1 at 2; *See also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (holding that courts can consider hearsay evidence at the preliminary injunction stage). For both of these independent reasons, I conclude the preliminary injunction motion must be denied.

## CONCLUSION

All claims against Defendants McMillan and Hamilton are DISMISSED without prejudice. All claims against Defendant Peters are DISMISSED on the merits for failure to state a claim.

The motion for preliminary injunction (ECF No. 6) is DENIED.

The "Motion for Correction to the Record" (ECF No. 20) is DENIED. The motion for partial summary judgment (ECF No. 11) is DENIED as moot because all claims against Defendant McMillan have been dismissed. The "Motion for Permission to File Dispositive Pleading, Motion for Settlement Conference" (ECF No. 10) is likewise DENIED as moot.

The magistrate judge will conduct further appropriate proceedings.

SO ORDERED on December 4, 2024.

                                      s/ *Allen Winsor*
                                      United States District Judge